IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JORGE RECIO-HERNANDEZ,**

      **Movant,**

v.                                 No. CV 16-01138 KG/LAM
                                  No. CR 15-04401 KG

**UNITED STATES OF AMERICA,**

      **Respondent.**

## ORDER

**THIS MATTER** is before the Court on the *pro se* Movant Jorge Recio-Hernandez's letter filed October 12, 2016. (*CV Doc. 1; CR Doc. 39*). The Court has also reviewed the docket in Recio-Hernandez's criminal case No. CR 15-04401 KG.

Recio-Hernandez inquires whether he is entitled to sentencing relief under the Supreme Court's ruling in *Johnson v. United States* or "the re-entry new laws" and states that he feels his lawyer took advantage of him in connection with his plea agreement. (*CV Doc. 1; CR Doc. 39*). However, Recio-Hernandez may only challenge his sentence by a motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a) and (e); *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255"). Therefore, the Court intends to recharacterize Recio-Hernandez's letter as a first 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Pursuant to *Castro v. United States,* 540 U.S. 375 (2003), when

> a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . .the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restriction on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to

      amend it so that it contains all the § 2255 claims he believes he has.

*Id.* at 383. Therefore, consistent with *Castro,* the Court notifies Recio-Hernandez that it intends to recharacterize his letter as a § 2255 motion and afford him an opportunity to withdraw the motion or to amend it to add additional claims he may have. *See* Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts (providing that a motion to vacate, set aside, or correct sentence must: "(1) specify all grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant."). If Recio-Hernandez fails to timely amend or withdraw his letter, then Recio-Hernandez's letter will be recharacterized and any subsequent § 2255 motions will be subject to the restriction on "second or successive" motions in 28 U.S.C. §§ 2244 and 2255(h). In addition, if Recio-Hernandez elects to withdraw the motion, he is cautioned that any subsequent § 2255 motion must comply with the deadlines set forth in § 2255(f).

      **IT IS THEREFORE ORDERED** that Movant Jorge Recio-Hernandez is **GRANTED** leave to amend or withdraw his letter (*CV Doc. 1; CR Doc. 39*), which the Court intends to recharacterize as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, **within twenty-one (21) days of the entry of this Order**.

      **IT IS FURTHER ORDERED** that the Clerk of the Court **MAIL** a copy of this Order, together with a form § 2255 motion and instructions, to Recio-Hernandez.

      **IT IS SO ORDERED.**

                                                          **LOURDES A. MARTÍNEZ**
                                                         **UNITED STATES MAGISTRATE JUDGE**