IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                       No. CR 15-4401 KG
                                                                                                              No. CV 16-1138 KG/KRS

JORGE ALBERTO RECIO-HERNANDEZ,

    Defendant.

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Jorge Recio-Hernandez's Motion to Vacate Under 28 U.S.C. § 2255 ("Motion"), filed October 12, 2016. He argues that *Johnson v. United States*, 135 S. Ct. 2551 (2015) may impact the length of his sentence. (CR Doc. 39; CV Doc. 1). Having considered the Motion *sua sponte* under Habeas Corpus Rule 4(b), the Court denies all requested relief.

*A. Background*

Defendant was charged with Reentry of a Removed Alien in violation of 8 U.S.C. §§ 1326(a)(1) and (b)(2). (CR Doc. 1). He pled guilty to the charges pursuant to a Fast Track Plea Agreement. (CR Doc. 21). The United States sought an enhanced sentence under U.S.S.G. § 2L1.2(b)(1)(C)[1] based on a prior aggravated felony and subsequent deportation. The Presentence Investigation Report (PSR) revealed the Superior Court of Arizona previously sentenced Defendant to five years imprisonment for burglary in the third degree:

> [T]he defendant stole a police "bait" car. He crashed into a tree, fled on foot, and was eventually arrested. Upon a search of the vehicle, officers discovered several stolen items inside the vehicle. According to the Information filed in this case,

---

[1] The United States Sentencing Guidelines were amended to exclude subsection (b)(1)(C) after Defendant was sentenced.

the defendant "with intent to commit a theft or felony therein, entered or remained unlawfully in or on a non-residential structure of Chandler Police Department."

(PSR, p. 7). The prior conviction resulted in an eight level increase under U.S.S.G. § 2L1.2(b)(1)(C) before other reductions were made. (PSR, p. 4). The Court accepted the plea agreement, adopted the PSR, and sentenced Defendant to 33 months imprisonment. (CR Doc. 37). Judgment was entered on April 25, 2016. (CR Doc. 38).

Defendant filed the instant Motion on October 12, 2016, contending U.S.S.G. § 2L1.2's "aggravated felony" enhancement is unconstitutional under *Johnson*. He appears to assert the crime was not an aggravated felony because it involved a car rather than a house.[2] Defendant also argues his counsel took advantage of him in negotiating the plea agreement.[3]

B. Discussion

   *1. The Johnson Claim*

*Johnson* held that the residual clause of the Armed Career Criminals Act ("ACCA") is unconstitutionally vague. 135 S. Ct. at 2557. Sentences imposed pursuant to that clause may therefore be vacated or reduced. The Tenth Circuit has expanded the *Johnson* rationale beyond the ACCA to invalidate other indistinguishable clauses used to define violent felonies. *See, e.g., Golicov v. Lynch*, 2016 WL 4988012 (10th Cir. Sept. 19, 2016). Here, however, Defendant was not sentenced using any residual, vague, or indistinguishable clause. Defendant's sentence was enhanced pursuant to U.S.S.G. § 2L1.2(b)(1)(C). That section incorporates 8 U.S.C. § 1101(43)(G), which defines "aggravated felony" as "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." The

---

[2] Defendant: "Now, my question is do I Qualified [sic]for the Johnson law or the Re-entry new laws? Reason I say this is cuz under the Johnson law a Burglary is not an aggravated felony so theres [sic] no eight point enhancement."

[3] Defendant: "I feel my lawyer took advantage of my literacy [and] my mental illness for me to take this deal."

prior Arizona conviction clearly qualifies whether the crime involved a car or a house, and *Johnson* is not pertinent. *See, e.g., United States v. Hernandez-Rivera,* 2016 WL 4528964, *2 (D. Nev. Aug. 30, 2016) ("*Johnson* is not relevant to whether either of the defendant's convictions qualify as aggravated felonies" under § 1101(43)(G)).

Further, while U.S.S.G. § 2L1.2(b)(1)(C) borrows its definition of "aggravated felony from" from 8 U.S.C. § 1101(43), the enhancement occurred pursuant to the advisory United States Sentencing Guidelines. In *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), the Supreme Court held that inmates sentenced under the guidelines are not eligible for relief under *Johnson*. Therefore, Defendant's *Johnson* claim will be dismissed.

### 2. Ineffective Assistance of Counsel

It is not entirely clear whether Defendant intends to raise an ineffective assistance of counsel claim. He complains about his attorney, but appears to clarify he is only seeking relief under *Johnson*:

> I feel my lawyer took advantage of my literacy and my mental illness for me to take this deal. My felony is more than 15 years old. I'm not trying to open my case, I just want to know if I can appeal under the *Johnson* law.

In any event, the claim would not survive screening. A defendant cannot demonstrate ineffective assistance of counsel where, as here, the plea colloquy belies the argument that he was not adequately informed of the terms of the plea agreement. *See Holt v. Brace,* 418 Fed. App'x 697, 701 (10th Cir. 2011) ("Numerous courts have denied relief under … § 2255 to petitioners alleging that their guilty pleas were the product of ineffective assistance when their plea colloquies demonstrated otherwise").

The plea agreement, which was explained in Spanish at the plea hearing, states:

> The defendant agrees and represents that this plea of guilty is freely and

> voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence the Court will impose. The defendant also represents … [he] is pleading guilty because the defendant is in fact guilty.

(CR Doc. 21, ¶ 10). During the plea colloquy, Defendant represented he fully understood his plea, its consequences, and the possible penalties, and that he consulted with his attorney and was satisfied with his representation. (CR. Doc. 22). The Court also inquired into Defendant's mental condition and found the plea was freely, voluntarily, and intelligently made. *Id.* Defendant has not demonstrated his counsel was ineffective, and the Motion will therefore be dismissed.

Further, under Habeas Corpus Rule 11(a), the Court determines *sua sponte* that Defendant has failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS ORDERED that Defendant's Motion to Vacate Under 28 U.S.C. § 2255 (CR Doc. 39; CV Doc. 1) is DISMISSED with prejudice; a certificate of appealability is DENIED; and judgment will be entered.

IT IS FURTHER ORDERED that Defendant's Motion to Appoint Counsel (CR Doc. 41) is DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE